1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   T.S., by and through her guardian ad litem,
     JENNY PHOTSIKHIP,
11
              Plaintiff,                    No. 2:10-cv-03291 KJN
12
          v.
13
     COMMISSIONER OF SOCIAL
14   SECURITY ADMINISTRATION,

15            Defendant.                     ORDER
     _____/
16

17              Plaintiff Jenny Photsikhip, who filed an application for social security benefits on

18   behalf of her minor daughter T.S.[1] and through counsel, seeks judicial review of a final decision

19   of the Commissioner of Social Security ("Commissioner" or "defendant") denying an application

20   for Supplemental Security Income ("SSI") child benefits under Title XVI of the Social Security

21   Act ("Act").[2]  Presently before the court is plaintiff's motion for summary judgment, to which the

22   _____

23        [1] The undersigned granted plaintiff's petition to appoint a guardian ad litem on December
     9, 2010.  (Dkt. No. 5.)
24
          [2] This case was referred to the undersigned pursuant to Eastern District of California Local
25   Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before
     a United States Magistrate Judge. 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.
26   (Dkt. Nos. 8, 12.)

                                                1

Commissioner filed an opposition and cross-motion for summary judgment.  (Pl.'s Mot. for

Summ. J., Dkt. No. 15; Def.'s Opp'n to Mot. for Summ. J., Dkt. No. 19.)

For the reasons stated below, the undersigned denies plaintiff's motion for

summary judgment and grants defendant's cross-motion for summary judgment.

I.      BACKGROUND[3]

A.      Procedural History

On July 17, 2007, plaintiff filed an application for SSI on behalf of T.S., alleging

a disability onset date of January 18, 2007, the day T.S. was born.  (Admin. Record ("AR") 91-

97.)  The application was made on the basis of T.S.'s impairments of "Erb's palsy" and "right

brachial plexus."  (Pl.'s Mot. for Summ. J. at 3; AR 16.)

The Social Security Administration denied plaintiff's application initially, upon

reconsideration, and after a hearing by an Administrative Law Judge ("ALJ").  (AR 62, 67, 13-

24, 25-59.)  Plaintiff and her daughter appeared at the hearing and were represented by counsel,

and plaintiff testified at the hearing.  In a decision dated October 6, 2009, the ALJ denied

plaintiff's application, finding that T.S. was not disabled within the meaning of the Act.  (See

AR 13-24.)  This became the final decision of the Commissioner when the Appeals Council

denied review.  (AR 1-4.)  Plaintiff subsequently filed this action.

B.      Summary of the ALJ's Findings

The ALJ conducted the required three-step evaluation attendant to applications for

SSI benefits by individuals under the age of 18 and concluded that T.S. was not disabled within

the meaning of the Act.[4]  At step one, the ALJ found that T.S. was currently an "older infant"

---

[3]  Because the parties are familiar with the factual background of this case, including T.S.'s
medical history, the undersigned does not exhaustively relate those facts here.  The facts related to
T.S.'s impairments and medical history will be addressed insofar as they are relevant to the issues
presented by the parties.

[4]  Pursuant to 42 U.S.C. § 1382c(a)(3)(C)(i)-(ii), an individual under the age of 18 shall be
considered disabled if he or she has not engaged in "substantial gainful activity" and "has a

who had not engaged in substantial gainful activity at any time relevant to the decision.  (AR 16.)
At step two, the ALJ concluded that T.S. had the following "severe" impairments: "right brachial
plexus birth injury" and "Erb's palsy."  (Id.)

At step three, the ALJ determined that T.S. did not have an impairment or
combination of impairments that met or medically equaled one of the impairments listed in the
applicable regulations.  (AR 17-23.)  Because the ALJ concluded that T.S. did not have an
impairment or combination of impairments that met or medically equaled a listing, the ALJ
analyzed whether T.S. had an impairment or combination of impairments that functionally
equaled a listing.  (Id.)  In regards to the six domains relevant to the inquiry, the ALJ found that
T.S.:  (1) had no limitation in acquiring and using information; (2) "less than marked" limitation
in attending and completing tasks; (3) no limitation in interacting and relating with others; (4)
"less than marked" limitation in moving about and manipulating objects; (5) "less than marked"
limitation in the ability to care for herself; and (6) no limitation in health and physical well-being.
 (See id.)  Because the ALJ found that T.S. did not have "marked" limitations in two domains or
an "extreme" limitation in one domain, he found that T.S.'s impairments do not functionally

---

medically determinable physical or mental impairment, which results in marked and severe
functional limitations, and which can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than 12 months."  Claims for SSI by such minors
are analyzed under a three-step framework, see 20 C.F.R. § 416.924(a), which "requires the ALJ to
determine (1) whether the claimant is currently engaged in substantial gainful activity, (2) whether
the claimant has a medically determinable impairment or combination of impairments that is severe,
and (3) whether the claimant's impairment or combination of impairments meets or medically equals
the requirements of a listed impairment, or functionally equals the listings."  Robinson v. Astrue, No.
CIV S-08-2296 DAD, 2010 WL 3733993, at *2 (E.D. Cal. Sept. 21, 2010) (unpublished) (citing
20 C.F.R. § 416.924(b)-(d)).  If the analysis reaches the question of "functional" equivalence at step
three, the question of whether an impairment or combination of impairments functionally equals a
listing is determined in reference to the following six "broad areas of functioning intended to capture
all of what a child can or cannot do," which are referred to as "domains": "(i) Acquiring and using
information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv)
Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical
well-being."  See 20 C.F.R. § 416.926a(b)(1)(i)-(vi).  The applicable regulation also provides: "By
'functionally equal the listings,' we mean that your impairment(s) must be of listing-level severity;
i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation
in one domain."  20 C.F.R. § 416.926a(a); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006,
1012-13 (9th Cir.2003).

1  equal a listing.  Accordingly, the ALJ found that T.S. was not disabled within the meaning of the

2  Act.  (AR 23.)

3  II.    STANDARDS OF REVIEW

4          The court reviews the Commissioner's decision to determine whether it is (1) free

5  of legal error, and (2) supported by substantial evidence in the record as a whole.  Bruce v.

6  Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); accord Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th

7  Cir. 2009).  This standard of review has been described as "highly deferential."  Valentine v.

8  Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).  "Substantial evidence means

9  more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

10  reasonable mind might accept as adequate to support a conclusion."  Bray v. Comm'r of Soc.

11  Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (citing Andrews v. Shalala, 53 F.3d 1035,

12  1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at 690.  "The ALJ is responsible for

13  determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."

14  Andrews, 53 F.3d at 1039; see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)

15  ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

16  Findings of fact that are supported by substantial evidence are conclusive.  42 U.S.C. § 405(g);

17  see also McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000).  "Where the evidence as a

18  whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the

19  ALJ's."  Bray, 554 F.3d at 1222; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198

20  (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the

21  ALJ's decision should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.

22  2005)).  However, the court "must consider the entire record as a whole and may not affirm

23  simply by isolating a 'specific quantum of supporting evidence.'"  Ryan, 528 F.3d at 1198

24  (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v.

25  Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  "To determine whether substantial evidence

26  supports the ALJ's decision, [a court] review[s] the administrative record as a whole, weighing

both the evidence that supports and that which detracts from the ALJ's conclusion." Andrews, 53 F.3d at 1039.

"If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 637 (9th Cir. 1981). However, the court's review is constrained to the reasons asserted by the ALJ in the ALJ's decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); accord Tommasetti, 533 F.3d at 1039 n.2 (declining to review reasons provided by the district court in support of the ALJ's credibility decision that were not "expressly relied on" by the ALJ during the administrative proceedings); accord Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (noting that the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion – especially when his opinion indicates that the conclusion may have been based exclusively upon an improper reason."); Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council") (citation omitted).

////
////
////
////
////
////

5

1    III.    DISCUSSION

2            Plaintiff raises one argument on summary judgment, namely, that at step three, the

3    ALJ applied "incorrect legal standards" in evaluating whether T.S.'s "brachial plexus"

4    impairment meets the requirements of Listing 101.08.[5]  (Pl.'s Mot. for Summ. J. at 6.)

5            An ALJ determines whether "a claimant's impairment meets or equals an

6    impairment listed in Appendix 1 to Subpart P of Regulations No. 4."  Tackett v. Apfel, 180 F.3d

7    1094, 1099 (9th Cir. 1999).  The Listing of Impairments describes specific impairments of each

8    of the major body systems "which are considered severe enough to prevent a person from doing

9    any gainful activity."  Id. (citing 20 C.F.R. § 404.1525.)  If a claimant meets or equals a listed

10   impairment he or she will be found disabled at this step without further inquiry.  Id. (citing 20

11   C.F.R. § 404.1520(d).)  A claimant bears the burden of proving that his impairments satisfy all

12   the criteria of a particular listing.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995) ("The

13   claimant bears the burden of establishing a prima facie case of disability.  [Citation.]  This

14   burden requires the claimant to make out a case both that she has an impairment listed in the

15   regulations, and that she has met the duration requirement.") (internal citations omitted); Sullivan

16   v. Zebley, 493 U.S. 521, 530 (1990) ("[f]or a claimant to show that his impairment matches a

17   listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some

18   of those criteria, no matter how severely, does not qualify") (emphasis in original); Tackett, 180

19   F.3d at 1099 ("[claimant] had to establish that he met or equaled each of the following

20   characteristics of" a listing).

21

22           [5]  Plaintiff frames her argument as based upon the ALJ's application of "incorrect legal
     standards" (Pl.'s Mot. for Summ. J. at 6); however, plaintiff fails to specify what "legal standards"
23   the ALJ applied and what "legal standards" he should have applied instead.  The gist of plaintiff's
     argument is that the ALJ should have found that T.S.'s particular impairments met or equaled Listing
24   101.08, an argument that implies the ALJ failed to properly analyze the *evidence* with respect to
     T.S.'s impairments, and an argument that suggests more than pure "legal" error.  In any event,
25   despite plaintiff's rather unclear framing of the issue to be determined, the undersigned reviews the
     ALJ's decision for legal error *as well as* under the "substantial evidence" standard.  See Bruce, 557
26   F.3d at 1115.

                                                    6

1

      A.      <u>Plaintiff Has Not Shown That The ALJ Erred In Evaluating Whether T.S.'s "Right Brachial Plexus" Impairment Meets Or Equals Listing 101.08</u>

2

3          At step three of the analysis, the ALJ found that T.S.'s impairments do not meet

4  or equal the requirements of Listing 101.08.[6] (AR 17-18.)  Listing 101.08 provides, in its

5  entirety:

6                  101.08 Soft tissue injury (e.g., burns) of an upper or lower
                  extremity, trunk, or face and head, under continuing surgical
7                  management, as defined in 101.00M, directed toward the
                  salvage or restoration of major function, and such major
8                  function was not restored or expected to be restored within 12
                  months of onset. Major function of the face and head is
9                  described in 101.000.

10  20 C.F.R. pt. 404, subpt. P, app.1, § 1.02A.

11          The ALJ specifically addressed plaintiff's argument that T.S.'s brachial plexus

12  impairment meets or equals Listing 101.08.  (AR 17.)  After discussing T.S.'s medical history,

13  which included surgical "reconstruction of the brachial plexus and nerve grafting" (AR 16), the

14  ALJ found that "we are not here dealing with a soft tissue injury."  (<u>Id.</u>)  The ALJ went on to find

15  that T.S. does not require "continuing surgical management."  (<u>Id.</u>)   The ALJ then found that

16  T.S. does not have limitations that meet or functionally equal Listing 101.08.  (<u>Id.</u> at 16-23.)

17          Plaintiff's argument at this procedural posture centers on Listing 101.08.  In a

18  nutshell, plaintiff argues that T.S.'s impairments satisfy each component of Listing 101.08, and

19  the ALJ erred in finding otherwise.  Plaintiff's argument generally tracks the elements of Listing

20  101.08 and has three sub-parts: (1) that the ALJ erred in concluding that the "brachial plexus"

21  nerve network is not a "soft tissue" injury within the scope of Listing 101.08; (2) that the ALJ

22  erred in finding that T.S.'s condition did not involve significant limitation in her ability to use her

23  "upper extremity" within the scope of Listing 101.08; and (3) that the ALJ erred in finding that

24  T.S.'s condition did not require "continuing surgical management" within the scope of Listing

25

26         [6] The requirements of Listing 101.08 are set forth at 20 C.F.R. pt. 404, subpt. P, app.1, § 1.02A.

1    101.08.  (Pl.'s Mot. for Summ. J. at 6-10.)  Plaintiff also argues that the ALJ erred in finding that

2    T.S.'s impairments do not functionally equal Listing 101.08.  (Id. at 10-11.)

3            Plaintiff first addresses the threshold element of Listing 101.08, namely, that

4    T.S.'s impairments constitute a "soft tissue injury (e.g., burns)."  (Pl.'s Mot. for Summ. J. at 6.)

5    Plaintiff's two-sentence argument reads, in its entirety:

6

7            The ALJ acknowledged that [T.S.] suffers from severe right
             brachial plexus birth injury.  AR 16.  The brachial plexus nerve
             network is clearly a soft tissue. [Footnote 1.] Therefore, the
8            'soft tissue injury' requirement has been met.

9    (Pl.'s Mot. for Summ. J. at 6.)  Despite her position that "brachial plexus nerve network is

10   *clearly* a soft tissue," plaintiff cites no legal authorities in support of that position.  (Id. at 6, 9

11   (emphasis added).)  Instead, plaintiff includes only Footnote 1, which states in its entirety:

12

13           Attached hereto as Exhibit 1 is the Merck Manual's discussion
             of plexus disorders such as brachial plexus birth injury.  This
             article can be found online at: http:www.merckmanuals.com/
14           home/sec06/ch095/ch095d.html.

15   (Pl.'s Mot. for Summ. J. at 6 n.1.)

16           On the undersigned's review of the section of the Merck Manual to which

17   plaintiff cites, nowhere is the brachial plexus described as "a soft tissue," nowhere are brachial

18   plexus impairments likened to burns, and nowhere are brachial plexus impairments described as

19   anything other than "nerve" conditions.[7]  (Exh. 1 to Pl.'s Mot. for Summ. J.)

20

21           [7] "The networks of interwoven nerve fibers from different spinal nerves (plexuses) may be
     damaged by injury, tumors, collections of blood, or autoimmune reactions.

22
     •       Pain, weakness, and loss of sensation occur in all or part of an arm or a leg.
23   •       Electromyography and evoked responses help doctors locate the damage, and magnetic
             resonance imaging helps locate the damage and identify the cause.
24   •       Sometimes treating the disorder causing the problem improves nerve function.

25   A plexus is like an electrical junction box, which distributes wires to different parts of a house. In
     a plexus, nerve fibers from different spinal nerves (which connect the spinal cord to the rest of the
26   body) are sorted. The fibers are recombined so that all fibers going to a specific body part are put

                                                       8

1    Further, plaintiff has not identified *any* medical evidence in the record to support

2 plaintiff's conclusion that brachial plexus is "clearly" a "soft tissue" injury.  (Pl.'s Mot. for

3 Summ. J. at 6.)  The evidence in the record describes plaintiff's "nerve" condition and "nerve

4 grafting" surgery, and the ALJ specifically noted that evidence.  (AR 16 (citing AR 191-203

5 (medical records describing T.S.'s surgery and nerve reconstruction aimed at increasing

6 movement in plaintiff's limb, with no mention of T.S.'s impairment as one of "soft tissue")).)  It

7 is plaintiff's burden to prove that T.S.'s impairments satisfy *all* the criteria of a particular listing,

8 including, here, that her impairments are "soft tissue injuries (e.g., burns)."  See Roberts, 66 F.3d

9 at 182; Sullivan, 493 U.S. at 530; Tackett, 180 F.3d at 1099.  Plaintiff has not met her burden of

10 showing that T.S.'s brachial plexus impairment is a "soft tissue" injury, let alone a "soft tissue"

11 injury within the scope of Listing 101.08.  Plaintiff has not offered *any* factual or legal support

12 for analogizing T.S.'s brachial plexus condition to burns, choosing instead to base her entire

13 argument on a sweeping conclusion that, "clearly," brachial plexus is a "soft tissue" injury.  (Pl.'s

14 Mot. for Summ. J. at 6.)  Accordingly, because plaintiff has not shown that she met her burden of

15 proving that T.S.'s impairments satisfy *all* the criteria of a particular listing, plaintiff has not

16 shown that the ALJ erred in examining T.S.'s medical record[8] and finding that "we are not here

17 dealing with a soft tissue injury."  (AR 16-17.)

18    Plaintiff argues that T.S.'s impairments otherwise meet or equal Listing 101.08,

19 i.e., that T.S.'s condition requires "continuing surgical management" and significant limitations

20 ─────────────────────

21 together in one nerve.  Damage to nerves in the major plexuses causes problems in the arms or legs
   that these nerves supply.  The major plexuses are the brachial plexus, which is located in the neck
22 and shoulders and distributes nerves throughout the arms, and the lumbosacral plexus, which is
   located in the lower back and pelvis and distributes nerves to the pelvis and legs."  (Exh. 1 to Pl.'s
   Mot. for Summ. J.)

23

24  [8] An ALJ's discussion of the evidence can be a sufficient "statement of the foundations on
   which the ultimate factual conclusions are based" to support the Step 3 finding that claimant did not
25 satisfy the Listings.  See Gonzalez v. Sullivan, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (holding that
   the ALJ's four page evaluation of evidence was an adequate foundation for his ultimate conclusions,
26 and that "it is unnecessary to require the Secretary, as a matter of law, to state why a claimant filed
   to satisfy every different section of the Listings").

1   to use of T.S.'s "upper extremity" (Pl.'s Mot. for Summ. J. at 6-7), but the undersigned will not

2   proceed to those arguments.  A claimant bears the burden of proving that her impairments satisfy

3   *all* the criteria of a particular listing, and here, plaintiff has not shown that T.S.'s impairment

4   meets the threshold "soft tissue" aspect of Listing 101.08.  See Sullivan, 493 U.S. at 530 (1990)

5   ("[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified

6   medical criteria.  An impairment that manifests only some of those criteria, no matter how

7   severely, does not qualify") (emphasis in original); Tackett, 180 F.3d at 1099 ("[claimant] had to

8   establish that he met or equaled each of the following characteristics of" a listing).[9]  Given that

9   Listing 101.08 applies to "soft tissue" impairments, and given that plaintiff has not met her

10  burden of proving the threshold issue of her impairment being of "soft tissue," plaintiff has not

11  shown that Listing 101.08 applies to T.S.'s condition in any way.  The undersigned need not

12  address whether T.S.'s nerve impairment functionally equals a Listing that plaintiff has not

13  shown to be remotely applicable in the first place.  Because plaintiff does not argue in the

14  alternative that T.S.'s impairments met or equaled some Listing other than Listing 101.08, the

15  undersigned's analysis stops here.

16  V.    CONCLUSION

17          As discussed above, plaintiff has not met her burden of showing that T.S.'s

18  brachial plexus impairment meets or equals *all* criteria of Listing 101.08, the only Listing she

19  suggests applies.  Plaintiff has not met her burden of showing T.S.'s impairment to be a "soft

20  tissue" injury (or analogous to "burns") and therefore has not shown her impairment to be within

21  the scope of Listing 101.08.  Nothing in the record suggests that T.S.'s nerve impairment is one

22  of "soft tissue" within the scope of Listing 101.08.  See Bray, 554 F.3d at 1222 ("[s]ubstantial

23

24          [9]  Oddly, plaintiff argues that "even if this case did not involve a soft tissue injury, which it
    does,  [T.S.] would still equal the severity of this Listing in light of the fact that she has met the other
25  requirements, i.e., continuing surgical management for at least 12 months, which has not restored
    major function." (Pl.'s Mot. for Summ. J. at 9.)  Plaintiff cites no authorities in support of plaintiff's
26  suggested piecemeal approach to Listing criteria, and the argument is not well-taken.

evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") Plaintiff has not shown that the ALJ "applied the incorrect legal standards" (Pl.'s Mot. for Summ. J. at 6) in finding that T.S.'s impairments did not meet or equal Listing 101.08, and plaintiff has not shown that the ALJ's finding was unsupported by substantial evidence. The ALJ examined plaintiff's medical record and did not find any evidence that T.S.'s brachial plexus impairment should be considered a "soft tissue" injury or akin to a burn; moreover, plaintiff has failed to identify *any* such evidence in her summary judgment motion. Indeed, in light of it being plaintiff's burden to prove T.S.'s impairment satisfied *all* aspects of the Listing, the lack of such evidence in the record supports the ALJ's determination that plaintiff's brachial plexus impairment is not a "soft tissue" injury (AR 17). Accordingly, plaintiff has not shown error by the ALJ.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment (Pl.'s Mot. for Summ. J., Dkt. No. 15) is denied;

2.      Defendant's cross-motion for summary judgment (Def.'s Opp'n & Cross-Motion for Summ. J., Dkt. No. 19) is granted; and

3.      The Clerk of Court is directed to enter judgment in the Commissioner's favor.

IT IS SO ORDERED.

DATED: March 27, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE